IN THE UNITED STATES DISTRICT COURT FOR THE0
NORTHERN DISTRICT OF WEST VIRGINIA

**BOBBY EUGENE RODDY,**

  **Plaintiff,**

**v.**             Civil Action No. 1:11cv7
                  (Judge Keeley)

**WARDEN EVELYN SEIFERT, et al.,**

  **Defendants.**

## REPORT AND RECOMMENDATION

On January 24, 2010, the plaintiff, Bobby Eugene Roddy, an inmate at the Northern Correctional Facility ("NCF") a West Virginia Division of Corrections facility located in Moundsville, West Virginia. In his thirty-seven page complaint, the plaintiff makes numerous allegations regarding the conditions of his confinement at the NCF. Specifically, he includes allegations regarding unsanitary eating conditions, non-nutritious meals, inability to have a television in his cell, constant illumination in the cells, inadequate sewage systems, co-mingling of protective custody inmates with the general population, inadequate ventilation, denial of passive recreation, co-mingling of cleaning supplies and paper products, an October 10, 2010 assault by a correctional officer, failure to provide him with a handicap assistant, and requiring him to pay for various medications and medical or dental treatments.

Pending before the court is the plaintiff's Motion for Leave to proceed *in forma pauperis*. This is the seventh action filed by the plaintiff in this District and the Southern District of West

1

Virginia since July, 2002. Among those actions are four which have been dismissed for failing to state a claim upon which relief can be granted or for being legally frivolous, thus triggering the "three strikes" rule of 28 U.S.C. § 19159g). The six prior actions are as follows:

1. Roddy v. Roddy, et al. No. 2:02-cv-00980 (S. D. W. Va. Dec. 10, 2002). This case was dismissed with prejudice for failure to state a claim upon which relief can be granted. The undersigned has counted this case as the plaintiff's **first** strike.

2. Roddy v. State of West Virginia et al., No. 5:05-cv-00170 (N .D. W. Va. December 11, 2008). Although some claims were dismissed for failure to state a claim, other claims were dismissed without prejudice for failure to exhaust administrative remedies. The undersigned has **not** counted this case as a strike.

3. Roddy v. Warden Rustemeyer, et al., No 5:07-cv-151 (N. D. W. Va. March 2, 2009). This case was dismissed with prejudice for failure to state a claim. The undersigned has counted this case as the plaintiff's **second** strike.

4. Roddy v. State of West Virginia Division of Corrections, No. 3:08-cv-00061 (N. D. W. Va. November 24, 2009). This case was dismissed with prejudice upon accepting the parties Stipulation of Voluntary Dismissal. The undersigned has **not** counted this case as a strike.

5. Roddy v. Waid, et al., No. 5:08cv-00110 (N. D. W. Va. May 26, 2009). This case was dismissed with prejudice for failure to state a claim upon which relief can be granted. The undersigned has counted this case as the plaintiff's **third** strike.

6. Roddy v. Waid, et al., No 2:08-cv-01096 (S. D. W. Va. Nov. 20, 2008). This case was dismissed with prejudice as legally frivolous. The undersigned has counted this case as the plaintiff's **fourth** strike.

The PLRA has restricted when a complaint may be filed without prepayment of fees. Specifically, 28 U.S.C. §1915(g) provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

> As set forth above, the plaintiff has filed at least three civil actions which were dismissed on

the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. Therefore, based on the strikes plaintiff has accumulated, he may not file another complaint without prepayment of fees unless he is in "imminent danger of serious physical injury." The undersigned has reviewed the allegations of the plaintiff's complaint and finds that he makes no allegations that he is under imminent danger of serious physical injury.[1]

For the reasons stated above, it is hereby **RECOMMENDED** that the plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. 7) be **DENIED** and his complaint (Doc. 1) be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. §1915(g). See Dupree v. Palmer, 284 F. 3d 1234, 1236 (11th Cir. 2002)("The proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of §1915(g). The prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status. He must pay the filing fee at the time he *initiates* the suit."). In addition, the undersigned recommends that the plaintiff's additional pending motion (Doc. 10) be **DISMISSED AS MOOT**.

Within fourteen days after being served with a copy of this Recommendation, any party may file with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. §636(b)(1); Thomas

---

[1] In fact, the plaintiff has sent a letter to the Assistant Warden of Operations at the NCF "requesting lifetime protection here at NCF for the remainder of my time [and] not to be moved any place else for fear of my life." (Doc. 11).

v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 4 th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the plaintiff, by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: February 23, 2011.

       /s/ James E. Seibert
      JAMES E. SEIBERT
      UNITED STATES MAGISTRATE JUDGE